IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARIAH BUCHANAN PERRY                                              PLAINTIFF

v.                                      CIVIL ACTION NO.: 1:24-CV-00086-GHD-DAS

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES; et al.                                    DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court is the Defendants Mississippi Department of Child Protective Services (MDCPS), Alcorn County Department of Children Services (ACDCS), Andrea Sanders, and Kimberly Wheaton's motion to dismiss the Plaintiff's claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [25].[1] The Plaintiff asserts various constitutional and state law claims, including under the Fifth, Eighth, and Fourteenth Amendments, against the Defendants in connection with the temporary denial of the Plaintiff's right to visit her minor children. Upon due consideration, the Court finds that the moving Defendants' motion should be granted and the Plaintiff's claims against those Defendants dismissed.

### *I.*    *Factual and Procedural Background*

The Plaintiff alleges that MDCPS and ACDCS filed a petition in April 2018 to terminate the Plaintiff's parental rights to her two minor children based upon the Plaintiff's failure to maintain a stable home environment for the children [11, at p. 5]. The Plaintiff was subsequently

---

[1] The Plaintiff has also asserted claims against Brenda Andrews, Lakeisha Grayson, and Devin Butler [11]. The Plaintiff has failed to serve process on Andrews and Grayson [28]; the claims against them will therefore be dismissed pursuant to Fed. R. Civ. P. 4(m) if the Plaintiff has not properly served process upon them within 60 days of today's date. The Plaintiff has properly served process upon Butler [19], who has not responded to the Plaintiff's Amended Complaint and who did not join in the filing of the present motion to dismiss.

reunited with her children in August 2021. The Plaintiff now brings this action against MDCPS, ACDCS, MDCPS Commissioner Andrea Sanders and Deputy Commissioner Kimberly Wheaton, and against three other ACDCS employees in their respective official and individual capacities, asserting claims for Fifth, Eighth, and Fourteenth Amendment violations as well as state law claims purportedly under Miss. Code Ann. §§ 43-21-257 and 355 [Doc. 11]. The moving Defendants have now filed the present motion [25] seeking dismissal of the Plaintiff's claims.

## *II.     Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting

2

*Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for Rule 12(b)(1), motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

As for Eleventh Amendment immunity, which the Defendants cite, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizen of another State . . ." U.S. Const. Amend. XI. In essence, unless an exception applies, Eleventh Amendment immunity means "non-consenting states may not be sued by private individuals in federal court," and it encompasses "suits by citizens against their own states." *Board of Trs. Of the Univ. of Alabama v. Garrett*, 526 U.S. 356, 363 (2001). This immunity extends to any entity deemed an arm or alter ego of the state, and can include state officials sued in their

3

official capacity, because in such instances, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.*; *Hafer v. Melo*, 502 U.S. 21, 25 (2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In a case involving Eleventh Amendment immunity, if the defendants are entitled to immunity, the court lacks subject matter jurisdiction over the plaintiff's claims. *Mahogany v. La. State Sup. Court*, 636 Fed. Appx. 636 (5th Cir. 2008) (holding that "[a] federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.").

As for the individual Defendants' assertion of qualified immunity, "qualified immunity serves to shield ... government officials from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001); see *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.") (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)). Qualified immunity calls for a bifurcated test in which the court must first determine (1) "whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right that was clearly established at the time of the challenged conduct and, if so, (2) whether the defendant [official's] conduct was objectively unreasonable." *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'" *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown*, 623 F.3d at 253).

4

### *III.  Analysis and Discussion*

**Eleventh Amendment Immunity**

The Eleventh Amendment bars suits by private citizens against a state in federal court; this immunity extends to state officials who are acting in their official capacity. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). An exception to immunity, based upon *Ex parte Young*, 209 U.S. 123 (1908), exists. The *Ex Parte Young* exception to immunity is narrow – it applies only when the plaintiff seeks to enjoin the subject state official to "conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). In determining whether the exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Cantu Servs., Inc. v. Roberie*, 535 Fed. Appx. 342, 344 (5th Cir. July 9, 2013). In other words, suit may be brought against a state official in his or her official capacity in certain situations where that suit seeks only prospective injunctive or declaratory relief in order to end a continuing violation of federal law. *Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)).

Here, statutory authority and previous court rulings, including from this Court, make clear that both MDCPS and county child protection departments that are local offices of MDCPS, such as ACDCS, are arms of the State and are thus entitled to Eleventh Amendment immunity. See, e.g., Miss. Code Ann. § 43-15-5; 43-15-7; *Smith v. Mississippi Department of Child Protective Services*, No. 4:18-CV-165-GHD-JMV, 2019 WL 4418802, at *6 (N.D. Miss. Sept. 16, 2019); *Bowen v. Keyes*, No. 3:20-CV-296-DPJ-FKB, 2020 WL 4228160, at *5 (S.D. Miss. July 23, 2020) (holding that "the county DHS/CPS departments are likewise entitled to Eleventh Amendment immunity"). It is likewise clear that *Ex Parte Young* does not apply in this case. The Plaintiff is

5

not seeking any sort of prospective injunctive or declaratory relief nor does she assert there is an ongoing violation of federal law – indeed, the Plaintiff has been reunited with her children for over three years.

Accordingly, the Court holds that MDCPS and ACDCS are entitled to Eleventh Amendment immunity from the Plaintiff's claims; the individual moving Defendants are likewise immune in their official capacities from the Plaintiff's claims pursuant to the Eleventh Amendment.

### Individual Defendants' Motion to Dismiss Based Upon Qualified Immunity

The Plaintiff has asserted claims against moving Individual Defendants Andrea Sanders and Kimberly Wheaton in their individual capacities. Sanders is the Commissioner of MDCPS and Wheaton is the Deputy Commissioner. Both assert they are entitled to qualified immunity.

The Plaintiff's allegations against Sanders and Wheaton are sparse and do not rise to the level of alleging that either of them engaged in conduct that deprived the Plaintiff of a clearly established statutory or constitutional right. Specifically, the Plaintiff alleges that she attended a single meeting with Sanders during which Sanders told the Plaintiff that any problems would be quickly remedied. [Doc. 11 at p. 10]. Likewise, the sole allegation the Plaintiff makes against Wheaton is that Wheaton was present during this alleged meeting [11, at 10]. No further allegations in the Plaintiff's complaint are directed towards any conduct on the part of either of the individual moving Defendants.

As noted above, qualified immunity shields state officials from suit so long as the official's complained-of conduct did not violate a clearly established statutory or constitutional right that a reasonable official would have known violated the law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). The Plaintiff bears the burden of

negating a defendant's invocation of qualified immunity. *Howell v. Town of Ball*, 827 F.3d 515, 525 (5th Cir. 2016).

To rebut the individual Defendants' assertion of qualified immunity, the Plaintiff must establish that each Defendant was either personally involved in the deprivation of the Plaintiff's rights or that each Defendant's wrongful actions were causally connected to such a deprivation. *Anderson v. Pasadena Indep. Sch Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Moreover, to the extent Sanders and/or Wheaton were supervisors, a supervisor is not personally liable for a subordinate's actions in which the supervisor had no involvement. *Id.* at 443-44; see also *Ashcroft*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (holding that Section 1983 does not create vicarious or respondeat superior liability).

Here, the Plaintiff's allegations fall far short of the required standard. The sole allegation in the Plaintiff's Amended Complaint [11] against Sanders is that she met with Plaintiff and assured her that any problems would be quickly remedied – the Plaintiff makes no allegation that Sanders engaged in any wrongful conduct or that Sanders' actions were causally connected to a deprivation of the Plaintiff's Constitutional rights. Likewise with Wheaton, the Plaintiff's sole allegation is that Wheaton merely attended this alleged meeting – there is no allegation whatsoever that Wheaton was personally involved in the deprivation of the Plaintiff's Constitutional rights or that any actions on Wheaton's part were causally connected to a deprivation of those rights. Accordingly, the Court finds that these individual Defendants are entitled to qualified immunity in their individual capacities and the Plaintiff's claims against them shall be dismissed.

### *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that the moving Defendants' motion to dismiss [25] shall be granted. The Plaintiff's claims against the Defendants Mississippi Department of Child Protection Services and Alcorn County Department of Children Services shall be dismissed, as shall the Plaintiff's official capacity claims against the individual moving Defendants Andrea Sanders and Kimberly Wheaton, based upon those Defendants' immunity under the Eleventh Amendment. The Plaintiff's individual capacity claims against Sanders and Wheaton shall be dismissed based upon those Defendants' entitlement to qualified immunity. Accordingly, all four of these Defendants are dismissed from this litigation. Further, as noted above, because the Plaintiff has failed to serve process on Defendants Brenda Andrews and Lakeisha Grayson, the Plaintiff's claims against them will be dismissed pursuant to Fed. R. Civ. P. 4(m) unless the Plaintiff has properly served process upon them within 60 days of today's date. Finally, because the Plaintiff has properly served process upon Defendant Devin Butler, who has not responded to the Plaintiff's Amended Complaint and who did not join in the filing of the present motion to dismiss [25], the Plaintiff's claims against Butler shall proceed.[2]

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of March, 2025.

                                                                       SENIOR U.S. DISTRICT JUDGE

---

[2] Finally, the Court notes the Plaintiff has filed a Motion for Default Judgment against MDCPS and ACDCS [39]. The Court shall deny the motion because these Defendants timely filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) in lieu of an Answer, thus meeting their requirement to file a responsive pleading to the Plaintiff's Amended Complaint.