UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARIAH BUCHANAN PERRY                                     PLAINTIFF

v.                               CIVIL ACTION NO.: 1:24-CV-00086-GHD-DAS

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES; et al.                                    DEFENDANTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

The Plaintiff Mariah Buchanan Perry filed her Complaint against the Defendants Devin Butler, Brenda Andrews, and Lakeisha Grayson, among others, on May 14, 2024 [1]. The Plaintiff was granted leave to proceed *in forma pauperis*, and the court directed the U.S. Marshals Service to serve process on these Defendants [17].

The docket reflects that on October 4, 2024, the U.S. Marshals Service perfected service on Mr. Butler. [19]. The Summons states "[w]ithin 21 days after service of this summons on you […] you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." [18]. Accordingly, Mr. Butler was required to answer or otherwise respond to the plaintiff's Complaint no later than October 25, 2024. However, Mr. Butler has never appeared in or taken any action in this case, subjecting him to default proceedings under Federal Rule of Civil Procedure 55.

The Court entered an order [44, 46] on August 4, 2025, ordering the Plaintiff to seek an entry of default against Butler or show cause by September 29, 2025, as to why her claims against Butler should not be dismissed under Rule 41(b) for failure to prosecute. To date, the Plaintiff has not sought an entry of default against Mr. Butler, nor has she responded to the Court's show cause order, despite the expiration of her deadline to respond. Accordingly, the Court shall dismiss the

Plaintiff's claims against Butler without prejudice for failure to prosecute and failure to comply with an order of the Court.

As to the Defendants Brenda Andrews and Lakeisha Grayson, the U.S. Marshals Service returned unexecuted proofs of service for both defendants on November 1, 2024. [28]. The Process Receipt and Return for Ms. Grayson states "[s]ubject does not and no one by name has worked at Alcorn CPS unable to locate this individual." The Process Receipt and Return for Ms. Andrews states "Brenda Andrews is no longer employed at Alcorn County CPS."

As the party initiating suit, the Plaintiff is ultimately responsible for providing sufficient information to identify and locate each Defendant for service of process. The Court's August 4, 2025, order directed the Plaintiff to provide the court with valid physical addresses for Defendants Andrews and Grayson no later than September 29, 2025 [44, 46], and warned that the failure to do so will result in the dismissal of the Plaintiff's claims against Defendants Andrews and Grayson under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Plaintiff has failed to provide the Court with the subject Defendants' addresses, and the deadline to do so has expired. Accordingly, the Court shall dismiss the Plaintiff's claims against Andrews and Grayson without prejudice for failure to prosecute.

In sum, the deadline for compliance with the Court's order, as to all three subject Defendants, has passed and the Plaintiff has not complied with the Court's August 4, 2025, order. The Court shall therefore dismiss the Plaintiff's claims against these three subject Defendants without prejudice. Because the other Defendants have already been dismissed, the Court shall also order that this matter be closed.

Accordingly, the Court hereby ORDERS that this matter is DISMISSED WITHOUT

PREJUDICE for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

SO ORDERED, this, the 10th day of October 2025.

/s/ Glen H. Davidson
_____
SENIOR U.S. DISTRICT JUDGE